```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                  :
UNITED STATES OF AMERICA          :    SUPERSEDING
                                  :    INFORMATION
           -v-                    :
                                  :    S4 10 Cr. 336 (LAK)
BRADLEY FRANZEN,                  :
                                  :
           Defendant.             :
- - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 23 2011

## COUNT ONE

(Bank Fraud and Unlawful Internet Gambling Enforcement Act Conspiracy)

The United States Attorney charges:

### Background

1.   From at least in or about 2007, up through and including on or about April 14, 2011, the three leading internet poker companies doing business in the United States were PokerStars, Full Tilt Poker and Absolute Poker/Ultimate Bet (collectively, the "Poker Companies"). Because United States banks were largely unwilling to process payments for an illegal activity such as internet gambling, the three Poker Companies used fraudulent methods to avoid these restrictions and to receive billions of dollars from United States residents who gambled through the Poker Companies. To accomplish this deceit, the Poker Companies relied on highly-compensated third party payment processors who lied to United States banks about the nature of the financial transactions they were processing and covered up those lies through the creation of phony corporations and websites to disguise payments to the Poker Companies. In

order to find payment processors, the Poker Companies relied on self-described "middlemen" who would match the Poker Companies with payment processors who could obtain access to the United States Banking system.

2. From at least in or about 2007, up through and including in or about March 2011, BRADLEY FRANZEN, the defendant, operated a Costa Rica-based business that linked internet gambling and other merchants with payment processors who would open bank accounts with United States financial institutions to collect funds from United States customers. FRANZEN knew that this payment processing would involve disguising the transactions so that they would appear unrelated to gambling, typically through false statements to the banks about the nature of the processing. At various times relevant to this Information, FRANZEN established such payment processing channels for each of the three Poker Companies.

Processing Channels for the Poker Companies

3. For example, in or around the summer of 2009, BRADLEY FRANZEN, the defendant, worked with payment processors in Nevada to arrange for a processing channel through which payments collected from United States residents on behalf of the Poker Companies would be disguised as payments to a fictitious business called "Green2YourGreen" which, according to its phony website, sold environmentally friendly household products. The Poker Companies processed a combined total of approximately $15.2

million in payments from U.S. gamblers through the "Green2YourGreen" processing channel. In order to process payments for the Poker Companies, FRANZEN's co-conspirators, with the knowledge of FRANZEN, opened multiple bank accounts in the United States by falsely representing to bank officials that the accounts would be on behalf of the phony Green2YourGreen business.

4. In another example, also in the summer of 2009, BRADLEY FRANZEN, the defendant, worked with a co-conspirator not named as a defendant herein ("CC-1") to establish a payment processing channel through which transactions for Full Tilt Poker and Absolute Poker would be disguised as transactions for an internet marketing company. When the bank used by CC-1 to process these transactions suspected that they involved internet gambling and blocked CC-1's access to the account, CC-1 falsely told the bank (in an e-mail that he forwarded to FRANZEN) that CC-1 had "details on everything that's passed our gateway, none of which is online G," meaning online gambling.

Attempt To Clear Full Tilt Poker's Payment Backlog

5. By early 2011, Full Tilt Poker often could not find a payment processor to debit (or "pull") funds from United States players' checking accounts. However, rather than inform its players that payment processing was unavailable, Full Tilt Poker would routinely credit funds to players' accounts at Full Tilt Poker even though it had no means to actually obtain the

funds from the players' bank accounts. For example, on approximately thirty separate occasions between January 14, 2011 and March 11, 2011, a cooperating witness (the "CW") utilized Full Tilt Poker's website to make deposits into his Full Tilt Poker account from a bank account in New York, New York. While Full Tilt promptly awarded the CW credit for these funds - allowing the CW to gamble with the money - Full Tilt Poker never actually debited the CW's bank account. This inability to collect credited funds created a potential that Full Tilt Poker would not be able to pay out all customer accounts if asked to do so.

6. In or around March 2011, another payment processor for Full Tilt Poker, who is not charged as a defendant herein ("CC-2"), contacted BRADLEY FRANZEN, the defendant, about Full Tilt Poker's inability to obtain funds from U.S. banks even though it was crediting those funds to player accounts. CC-2 told FRANZEN that Full Tilt Poker had estimated that the "backlog" of credited funds was at least $60 million.

<u>Statutory Allegations</u>

7. From at least on or about October 13, 2006, up through and including in or about March 2011, in the Southern District of New York and elsewhere, BRADLEY FRANZEN, the defendant, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and

4

agree together and with each other to commit offenses against the United States, to wit, violations of Section 5363 of Title 31 of the United States Code, and Section 1344 of Title 18 of the United States Code.

8. It was a part and an object of the conspiracy that BRADLEY FRANZEN, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, with persons engaged in the business of betting and wagering, would and did knowingly accept, in connection with the participation of another person in unlawful internet gambling, to wit, gambling in violation of New York Penal Law Sections 225.00 and 225.05 and the laws of other states where the gambling businesses operated, credit, and the proceeds of credit, extended to and on behalf of such other person, including credit extended through the use of a credit card, and an electronic fund transfer and the proceeds of an electronic fund transfer from and on behalf of such other person, and a check, draft and similar instrument which is drawn by and on behalf of such other person and is drawn on and payable at and through any financial institution, in violation of Title 31 United States Code, Sections 5363 and 5366.

9. It was further a part and an object of the conspiracy that BRADLEY FRANZEN, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the

Federal Deposit Insurance Corporation, and to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of that financial institution by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

OVERT ACTS

10. In furtherance of the conspiracy and to effect the illegal objects thereof, BRADLEY FRANZEN, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about January 20, 2009, PokerStars, Full Tilt Poker, and Absolute Poker each received an electronic transfer of funds from a gambler located in the Southern District of New York.

    b. On or about June 4, 2009, FRANZEN sent an e-mail to a co-conspirator not named as a defendant here in and asked for a "payout company ID" for Full Tilt Poker consisting of "something on the shelf with a basic web presence."

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Unlawful Internet Gambling Enforcement Act)

The United States Attorney further charges:

11.  Paragraphs 1 through 6 of this Information are repeated and realleged as if fully set forth herein.

12.  From in or about 2009 up to and including in or about March 2011, in the Southern District of New York and elsewhere, BRADLEY FRANZEN, the defendant, aiding and abetting persons engaged in the business of betting and wagering, did knowingly accept, in connection with the participation of another person in unlawful internet gambling, to wit, gambling in violation of New York Penal Law Sections 225.00 and 225.05 and the laws of other states, credit, and the proceeds of credit, extended to and on behalf of such other person, including credit extended through the use of a credit card, and an electronic fund transfer and the proceeds of an electronic fund transfer from and on behalf of such other person, and a check, draft and similar instrument which was drawn by and on behalf of such other person and was drawn on and payable at and through any financial institution.

(Title 31, United States Code, Sections 5363 and 5366; Title 18 United States Code, Section 2).

## COUNT THREE

(Money Laundering Conspiracy)

The United States Attorney further charges:

13. Paragraphs 1 through 6 of this Information are repeated and realleged as if fully set forth herein.

14. From at least in or about 2006, up to and including in or about March 2011, in the Southern District of New York and elsewhere, BRADLEY FRANZEN, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Sections 1956 and 1957.

15. It was a part and an object of said conspiracy that BRADLEY FRANZEN, the defendant, and others known and unknown, would and did transport, transmit, transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, with intent to promote the carrying on of specified unlawful activity, to wit, the operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

16. It was a further a part and an object of the conspiracy that BRADLEY FRANZEN, the defendant, and others known and unknown, in an offense that took place in the United States, unlawfully, willfully and knowingly, would and did engage in

8

monetary transactions in criminally derived property of a value greater than $10,000 and which was derived from specified unlawful activity, to wit, the operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h)).

**FORFEITURE ALLEGATION**

17. As a result of committing the offense of conspiring to commit bank fraud as alleged in Count One of this Information, BRADLEY FRANZEN, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A), all property constituting or derived from proceeds obtained directly and indirectly as a result of the offense alleged in Count One.

18. As a result of committing the offense of conspiring to commit money laundering as alleged in Count Three of this Information, BRADLEY FRANZEN, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1),

all property, real and personal, involved in the offense alleged in Count Three, and all property traceable to such property.

### Substitute Asset Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; Title 28, United
States Code, Section 2461.)

*Preet Bharara*
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

BRADLEY FRANZEN,

Defendant.

INFORMATION

S4 11 Cr. 336 (LAK)

(18 U.S.C. §§ 371, 1349; 31 U.S.C. 5363 & 5366, & 2).

PREET BHARARA
United States Attorney.